IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORITSERENEYE HENRY | § | |
| WILKINSON-OKOTIE (#A-28-590-395), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3978 |
| | § | |
| UNITED STATES DEPARTMENT | § | |
| OF HOMELAND SECURITY, | § | |
| CITIZENSHIP AND IMMIGRATION | § | |
| SERVICES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Oritsereneye Henry Wilkinson-Okotie (#A-28-590-395), has filed a complaint for a writ of mandamus under 28 U.S.C. § 1361, seeking to compel officials with the United States Department of Homeland Security - Citizenship and Immigration Services ("USCIS") to adjudicate a pending application to adjust his immigration status. On behalf of all of the defendants, USCIS District Director Sharon A. Hudson has filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a valid claim. (Doc. # 15). The plaintiff has filed a response. (Doc. # 16). After reviewing all of the pleadings, and the applicable law, the Court grants the District Director's motion and dismisses this case for reasons set forth briefly below.

## I.   __BACKGROUND__

The following undisputed facts are taken from the pleadings and attached exhibits. Wilkinson-Okotie is a native and citizen of Nigeria. Wilkinson-Okotie was admitted to the United States in 1990, on a non-immigrant tourist visa (a "B-2 visa"). On May 24, 1999, immigration officials initiated removal proceedings against Wilkinson-Okotie, who had overstayed his visa. In an order of removal entered on February 1, 2001, an immigration judge granted Wilkinson-Okotie's request for voluntary departure.

Pursuant to the order of removal, Wilkinson-Okotie had until April 2, 2001, to leave the United States of his own accord. Wilkinson-Okotie filed an appeal from the order of removal. On November 8, 2002, the Board of Immigration Appeals ("BIA") dismissed the appeal and issued a final order of removal that gave Wilkinson-Okotie an additional thirty days to depart. That order warned Wilkinson-Okotie that his failure to depart voluntarily as directed would result in his ineligibility for certain forms of discretionary relief, which includes requests to adjust immigration status under § 245 of the Immigration and Nationality Act, codified as amended at 8 U.S.C. § 1255.

Wilkinson-Okotie did not voluntarily depart as directed and he remains in Houston, Texas, pending his removal. Since entry of the final order of removal, Wilkinson-Okotie has filed more than one motion to reopen his removal proceedings in an effort to adjust his immigration status under 8 U.S.C. § 1255. Each time his motion has been denied by the BIA because, as the result of his failure to voluntarily depart, he is not eligible for an adjustment

of status as a matter of law.  *See* 8 U.S.C. § 1229c(d)(1); *see also In re Wilkinson-Okotie*, Order (BIA April 21, 2005).

Wilkinson-Okotie appealed the BIA's decision to deny his motion to reopen by filing a petition for review with the United States Court of Appeals for the Fifth Circuit.  The Fifth Circuit recently dismissed the petition on that issue for lack of jurisdiction.  *See Wilkinson-Okotie v. Gonzales*, No. 05-60437, slip op. at 2 (5th Cir. June 13, 2006) (citing 8 U.S.C. § 1252(a)(2)(B)).

Wilkinson-Okotie now seeks a writ of mandamus under 28 U.S.C. § 1361 to compel USCIS officials to adjudicate a pending application for an adjustment of status in his favor. Wilkinson-Okotie insists that he is entitled to an adjustment of status under 8 U.S.C. § 1255. He claims that, on September 25, 2002, he filed a Form I-485 application for the purpose of adjusting his status, but that USCIS has improperly failed or refused to timely process this pending application.  Wilkinson-Okotie argues that, because he is clearly entitled to an adjustment of status, this refusal concerns a non-discretionary duty for which mandamus relief is available.  As a result of the delay in processing his application to adjust status, Wilkinson-Okotie argues further that he has been improperly denied other immigration benefits, such as employment authorization and permission to travel abroad (*i.e.*, advance parole allowing his return to the United States).

Wilkinson-Okotie seeks an order directing USCIS to adjudicate his application for adjustment of status and to restore his work authorization and travel privileges.  In particular, Wilkinson-Okotie asks this Court to order USCIS to *grant* his application for adjustment of

3

status so that other immigration benefits can be reinstated.[1]  In response to the complaint, the District Director has filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Wilkinson-Okotie has filed a response in which he maintains that the BIA's decision to deny relief is incorrect and that he is entitled to adjust his status.  The parties' contentions are discussed below under the governing legal standards.

## II.   <u>STANDARD OF REVIEW</u>

As noted above, the complaint filed by Wilkinson-Okotie seeks a writ of mandamus to compel immigration officials with the USCIS to adjudicate a pending I-485 application to adjust status and to grant relief in his favor.  The writ of mandamus is governed by 28 U.S.C. § 1361, which provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  A writ of mandamus is an extraordinary remedy.  *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (citing *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)).  To obtain a mandamus order, a plaintiff must establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy."  *Id.*

---

[1]      Wilkinson-Okotie's complaint also seeks his release from detention pending removal.  Since filing this suit, Wilkinson-Okotie has been released from custody.  Accordingly, this portion of the complaint is moot.

Wilkinson-Okotie's claims are discussed below in light of this standard.   In conducting this review, the Court recognizes that Wilkinson-Okotie proceeds *pro se* and that his pleadings are entitled to a liberal construction.   *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002) ("It is well established that *pro se* complaints are held to less stringent standards that formal pleadings drafted by lawyers.").

III.   **DISCUSSION**

A.   **Wilkinson-Okotie's Request for Adjustment of Status**

The District Director argues that Wilkinson-Okotie's complaint, which asks this Court to address whether immigration officials have erred by denying him an adjustment of status, must be dismissed for lack of subject matter jurisdiction.   The defendant's motion to dismiss for lack of subject matter jurisdiction is governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure.   "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted).   In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.*

Noting that Wilkinson-Okotie has been found ineligible for an adjustment of status by the BIA, the District Director argues that subject matter jurisdiction is lacking because decisions concerning adjustment of status are discretionary issues over which federal courts have no power to review.   In support of that argument, the District Director references the

5

REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), codified

at 8 U.S.C. § 1252(a), which contains the following jurisdictional restriction on judicial

review of denials of discretionary relief or any other discretionary decision by immigration

officials acting under the Attorney General's authority:

> (2) Matters not subject to judicial review.
>
> > (B) Denials of discretionary relief
> >
> > Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, **no court shall have jurisdiction to review** —
> >
> > > (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
> > >
> > > (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief [in asylum cases] under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added).

The adjustment of status sought by Wilkinson-Okotie is governed by 8 U.S.C. § 1255.

Under this statute, the status of an alien "may be adjusted by the Attorney General, *in his*

*discretion* and under such regulations as he may prescribe," provided that "(1) the alien

makes an application for such adjustment, (2) the alien is eligible to receive an immigrant

visa and is admissible to the United States for permanent residence, and (3) an immigrant

visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a) (emphasis added).  Thus, the statute plainly provides that adjustments of status under § 1255 are discretionary.

Discretionary decisions involving applications for adjustment of status under 8 U.S.C. § 1255 are expressly included within the jurisdiction-stripping provision found in § 1252(a)(2)(B)(i).  The Fifth Circuit, along with several other circuit courts of appeal to address this issue, has recognized that review of discretionary denials of applications for adjustment of status is plainly precluded by § 1252(a)(2)(B)(i).  *See Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006) (citing *Zheng Zheng v. Gonzales*, 422 F.3d 98, 111 (3d Cir.2005) ("[Section 1252(a)(2)(B)(i)] plainly forecloses review of the Attorney General's exercise of discretion in granting adjustment of status in individual cases"); *Ekasinta v. Gonzales*, 415 F.3d 1188, 1191 (10th Cir. 2005); *Succar v. Ashcroft*, 394 F.3d 8, 19 n.15 (1st Cir. 2005); *Pilica v. Ashcroft*, 388 F.3d 941, 945 (6th Cir. 2004); *Boykov v. Ashcroft*, 383 F.3d 526, 531 (7th Cir. 2004)).  Indeed, the Fifth Circuit has declined to review the BIA's decision regarding Wilkinson-Okotie's eligibility for an adjustment of status, holding that judicial review of this issue is precluded.  *See Wilkinson-Okotie v. Gonzales*, No. 05-60437, slip op. at 2 (5th Cir. June 13, 2006) (citing 8 U.S.C. § 1252(a)(2)(B)).

In his response to the District Director's motion to dismiss, Wilkinson-Okotie disagrees with the Fifth Circuit's determination and the BIA's decision that he is ineligible to adjust his status.  Nevertheless, because the governing statute plainly states that decisions on adjustment of status are discretionary, this Court has no jurisdiction to consider whether

7

Wilkinson-Okotie is entitled to an adjustment of status. *See Hadwani*, 445 F.3d at 800. Therefore, to the extent that Wilkinson-Okotie seeks an order compelling immigration officials to grant him an adjustment of status, the District Director's motion to dismiss is granted.

**B.     Wilkinson-Okotie's Request to Compel Adjudication by USCIS**

To the extent that Wilkinson-Okotie seeks a writ of mandamus to compel USCIS to adjudicate a pending application to adjust status, the District Director argues further that the complaint must be dismissed for failure to state a claim upon which relief can be granted. This portion of the District Director's motion is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for a dismissal where the plaintiff has failed to state a claim upon which relief can be granted. Motions to dismiss under Rule 12(b)(6) are appropriate only when a complaint fails to state a legally cognizable claim. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The District Director argues that Wilkinson-Okotie is not entitled to a writ of mandamus in this instance because USCIS has no authority to adjudicate an application for adjustment of status from an alien in Wilkinson-Okotie's position. It is undisputed that Wilkinson-Okotie is subject to a final order of removal. Immigration judges have exclusive jurisdiction over applications for adjustment of status from aliens in removal proceedings.

8 C.F.R. § 1245.2(a)(1)(i).  Thus, aliens subject to an order of removal may only seek an adjustment of status from an immigration judge by filing a motion to reopen his removal proceeding to apply for adjustment of status.  *See Wellington v. INS*, 108 F.3d 631, 635 (5th Cir. 1997) ("INS practice requires that aliens who have been found [removable] in [removal] proceedings seek adjustment of status through the mechanism of reopening their [removal] proceedings.") (citing *Yahkpua v. INS*, 770 F.2d 1317, 1318 (5th Cir. 1985)).

Because only an immigration judge can adjudicate an application for adjustment of status from an alien such as Wilkinson-Okotie, who is subject to a final order of removal, the USCIS has no duty to adjudicate that application.  For this reason, Wilkinson-Okotie fails to demonstrate that he is entitled to mandamus relief.  The defendant's motion to dismiss on this issue is granted.

## IV.  CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.      The District Director's motion to dismiss (Doc. # 15) is **GRANTED**.

2.      This case is **DISMISSED** for lack of jurisdiction and for failure to state a claim.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **September 26, 2006.**

Nancy F. Atlas
United States District Judge

9